UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**MICHAEL J. GREEN**                                                                         **PLAINTIFF**

v.                                                                          **CIVIL ACTION NO. 3:15CV-178-JGH**

**JAMES BALLINGER,**
**ATTORNEY FOR AMERICAN TAX FUNDING, LLC**                                 **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff Michael J. Green filed a *pro se* complaint (DN 1) along with an application to proceed without prepayment of fees (DN 3).

Upon consideration, **IT IS ORDERED** that the application (DN 3) is **GRANTED**.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  A review of the complaint reveals that this Court lacks subject-matter jurisdiction.  Therefore, the Court will dismiss the action.

### I.

Plaintiff filed his complaint on a court-approved form.  As Defendant, he names James Ballinger, Attorney for American Tax Funding, LLC.  As the grounds for filing his case in federal court, Plaintiff writes, "(BULLY-ING) RETALIATION--HARMING SOMEONE IN RETALIATION FOR SOMETHING HARMFUL THAT THEY, THEM SELF'S HAVE DONE.  AND TO STOP THE SALE OF REALESTATE PROPERTY IN HOUSE AND LAND."  In the caption of the complaint form, Plaintiff references "08-CI-10349," which appears to be a state-court civil action number.

Plaintiff's statement-of-claims portion of the complaint form is not a model of clarity. Therefore, the Court quotes *in toto*:

> Told Plaintiff's Attorney That after contacting the ATTRONEY GENERAL"S OFFICE-SPECIAL INVESTIGATIONS DIVISION and CONSUMER PROTECTION, and other agency's that the Plaintiff's way of figuring is wrong, AND is as a loan shark. The amount owing is not correct. And payment of taxes are paid starting with the oldest first of taxes. In ayear's time I have maded, every month with out missing any payment, starting with first payment of $1000,oo dollars, as of todays date, I have payed $2600,00 dollars. The very day that WHAS 11 NEWS had a special news sectional about Attorney's not earning theiring their attroney fee's, as well trying to charge additional fee's for up to date BALANCES. I MICHAEL GREEN will keep on paying each Month untill this case is over. The Plaintiff letter was dated Jan.7,2015 to the Commissioner's office, to set Sale Date for MARCH 24 2015  My letter was mailed to the Plaintiff on Dec. 9 2014. Plaintiff is activating from RETALIATION BULLY-ing from I contracting those agencys. I should have a settlement from a civil lawsuit around May to July at the lastest. an lien has been applied to that civil suit in 2013, the first $1000 payment. There is no good reason for this realstate property sale. SALE NEEDS TO STOP.

As relief, Plaintiff asks the Court to "immediately stop or hold an stay on sale of realstate." He also indicates that he wants a "civil Suit against Attorney James Ballinger, American tax funding falsely filling creditors that was not Mr.Green and limitations that run out time Bully-ing the Re taliation to [Plaintiff] and his involvement of actions caused by this forecloser Civil Suit."

## II.

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l*

*Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction."  *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.  There are two ways a federal district court may have jurisdiction over a case.  *Douglas*, 150 F.3d at 607.  The first is through federal-question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not specify any cause of action arising under the Constitution, laws, or treaties of the United States.[1] He, therefore, fails to establish this Court's federal-question jurisdiction.

To the extent Plaintiff may be attempting to assert any state-law claim, diversity jurisdiction under 28 U.S.C. § 1332 does not exist because Plaintiff alleges neither the requisite amount in controversy, *see* § 1332(a) (providing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"), nor that he and Defendant are diverse in citizenship. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.").

For the foregoing reasons, the Court will enter a separate Order dismissing the action.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4412.005

---

[1] Even if the Court had subject-matter jurisdiction, the Court would abstain from interfering in an on-going, state-court action. *See Younger v. Harris*, 401 U.S. 37 (1971).

4